IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN BAER,

                Plaintiff,                    OPINION AND ORDER

      v.                              15-cv-460-wmc

LORETTA LYNCH AND
BRAD SCHIMEL,

                Defendants.

---

       Plaintiff Steven Baer filed a lawsuit against the Attorney General of the United States, Loretta Lynch, and the Attorney General of Wisconsin, Brad Schimel, claiming that he has been denied his Second Amendment right to own a firearm based on a felony conviction.  While Baer proceeds *pro se* and he has paid the filing fee, a district court is authorized to conduct limited screening to confirm that subject matter jurisdiction exists. *See Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (noting that federal courts have a duty to evaluate their own jurisdiction, "*sua sponte* if necessary") (citation omitted).  In addressing any *pro se* litigant's complaint, the court must construe the allegations generously, *see Haines v. Kerner*, 404 U.S. 519, 521 (1972), but even under this lenient standard the court concludes that this case must be dismissed for the reasons set forth briefly below.

OPINION

       Even when a non-prisoner, *pro se* litigant has paid the filing fee, a district court may dismiss a fee-paid complaint if the claims are "so attenuated and unsubstantial as to

be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *see also LaSalle Nat'l Trust v. ECM Motor Co.*, 76 F.3d 140, 143 (7th Cir. 1996).  In other words, dismissal is warranted where the allegations are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits." *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666-67 (1974) (citations omitted).

Plaintiff claims that the federal and state laws prohibiting felons from possessing a firearm, 18 U.S.C. § 922(g)(1) and Wis. Stat. §§ 941.29(1)(a), (2)(a), do not pass muster under a strict scrutiny analysis, at least as applied to him.  In particular, Baer alleges that he should be permitted to own a firearm despite his felony conviction because: his conviction is old; he is not a threat to the public; he wishes to own a firearm for self-defense of his home; and he has been rehabilitated since his conviction.

Unfortunately for Baer, established law in this country is decidedly to the contrary.  Although not all limitations on firearm possessions are constitutional, it is currently beyond dispute that state and federal limitations on firearm ownership for convicted felons do, in fact, pass constitutional muster.  *Dist. of Columbia v. Heller*, 554 U.S. 570, 625-26 (2008) (recognizing, in dicta, the "longstanding prohibitions on the possession of firearms by felons"); *United States v. Williams*, 616 F.3d 685, 692-93 (7th Cir. 2010) (citing *McDonald v. City of Chicago*, 561 U.S. 742, 785 (2010), where the

Supreme Court reassured the validity of felon disqualifications from firearm possession, and noting that every court that has addressed the constitutionality of § 922(g)(1) has upheld it); *see also United States v. Meza-Rodriguez*, No. 14-3271, 2015 WL 4939943, at *7-8 (7th Cir. Aug. 20, 2015) (upholding limitation on rights of illegal aliens to possess firearms in face of second Amendment challenge).

As a consequence, plaintiff's claims for relief have no merit under current law and this case must be dismissed.[1]

ORDER

IT IS ORDERED that the complaint is DISMISSED with prejudice for failure to state a claim.

Entered this 27th day of August, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] Of course, Baer has every right to appeal this court's decision to the Seventh Circuit and ultimately to seek a change in the law by certiorari to the United States Supreme Court, or, failing that, in the halls of our state legislature and Congress.